UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE MUSSELMAN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK NITCHMAN, *et al.*,<br><br>    Defendants. | CASE NO. C04-0984RSM<br><br>ORDER DENYING PLAINTIFFS' THIRD MOTION TO COMPEL AND ORDERING MONETARY SANCTIONS AGAINST PLAINTIFFS |

This matter comes before the Court on plaintiffs' third Motion to Compel Discovery. (Dkt. #54). Plaintiffs ask this Court for an order compelling: (1) a more complete response by defendant Nitchman to plaintiff Musselman's second set of interrogatories and requests for production; (2) a more complete response by defendant Nitchman to plaintiff Newmon's first set of interrogatories and requests for production; (3) a more complete response by defendant Thorne to plaintiff Musselman's first set of interrogatories and requests for production (4) a response by defendant Broxon to plaintiff Newmon's second set of interrogatories, and (5) a response by defendant Allen to plaintiff Newmon's first set of interrogatories. (Dkt. #45). Defendants ask that this Court deny the motion, and impose sanctions on plaintiffs for bringing such a frivolous motion.

ORDER
PAGE - 1

Having reviewed plaintiffs' motion (Dkt. #54), defendants' response (Dkt. #58), plaintiffs' reply (Dkt. #60), and the remainder of the record, the Court does hereby find and ORDER:

(1) Plaintiffs' Third Motion to Compel Discovery (Dkt. #54) is DENIED as follows:

a. <u>Interrogatories and Requests for Production Relating to Defendant Nitchman</u>: Plaintiffs allege that defendant Nitchman has "not provided a responsive answer" to Interrogatory No. 2 and Request for Production No. 2 contained in Nitchman's Second Interrogatories to Defendant Nitchman, which asks him to state whether he has ever taken any actions related to any special project worked on by Ben Broxon or Carl Allen. (Dkt. #54 at 4). Curiously, Nitchman's two-page answer to that interrogatory and request for production are attached as an exhibit to plaintiffs' own motion. Thus, it is a blatant misstatement for plaintiffs to assert that Nitchman has "not provided a responsive answer." A review of Nitchman's response also reveals that plaintiffs' objection has no merit. Nitchman explains several specific special projects in which Broxon and Allen were involved. (Dkt. #55, Ex. F). However, he also responded that he does not possess the documents connected to those special projects, or no longer has access to such documents. (Dkt. #55, Ex. F). While plaintiffs may not like that response, or may believe that Nitchman still has access to the documents by virtue of his current management position, it is neither truthful nor appropriate to represent to this Court that Nitchman has "not provided a responsive answer" the interrogatory. Accordingly, the Court will not compel any further response to Interrogatory No. 2 and its corresponding Request for Production by Nitchman.

Plaintiffs also complain that they "have not received responsive answers" from Nitchman to Interrogatory No. 1 and Request for Production No. 1 of plaintiff Musselman's Third Interrogatories and Requests for Production to Defendant Nitchman, which asks him to identify "all sworn statements and declaratory statements made under penalty of perjury related to the

ORDER
PAGE - 2

case of *Teresa Moore v. Washington State Ferries & Mark Nitchman*."[1]  (Dkt. #54 at 5-6).
Defendants argue that plaintiffs' objection is improper because Nitchman produced the only
document in his possession, which was a transcript of his September 19, 2000, deposition
testimony.  The court agrees.  A review of Nitchman's responses reveals that Nitchman indeed
responded to the Interrogatory, explaining that he had one document in his possession, and he
produced that document.  He also raised an objection to the interrogatory based on attorney-
client privilege, and objected that the information sought was not otherwise relevant to the
instant law suit.  (Dkt. #58, Ex. B at 12-13).  Thus, Nitchman clearly "responded" to the
interrogatory.  Accordingly, the Court again finds that plaintiffs are not entitled to an Order
compelling any further responses from defendant Nitchman at this time.

  b. <u>Interrogatories and Requests for Production Relating to Defendant Thorne</u>:  Plaintiffs also complain that defendant Thorne has "refused to answer [Interrogatory No. 4] and refused to provide documents under Request for Production," which asks him to identify "all communications related to [his] return of any compensation to any employer of yours from 1990 to the present."  (Dkt. #54 at 6-7).  A review of defendant Thorne's responses reveals that plaintiffs' objection is unfounded.  Thorne responded to the Interrogatory, explaining that "the interrogatory is unintelligible and irrelevant and not calculated to lead to the discovery of evidence that would be admissible at trial."  (Dkt. #58, Ex. C at 16-17).  Thorne also responded that he has only been the CEO of the Washington State Ferries since January 7, 2002.  While plaintiffs argue that Thorne's response is insufficient because they discovered a newspaper article from Oregon pertaining to an investigation of a pay raise Thorne received while CEO of the Port of Portland, plaintiffs have not convinced this Court that, without any other corresponding evidence, the article has any basis in fact or is otherwise relevant to the instant

---

[1] Defendants note that the interrogatory to which plaintiffs object was contained in plaintiff Newmon's First Set of Interrogatories, not plaintiff Musselman's Third Set.

ORDER
PAGE - 3

litigation. Consequently, the Court agrees that the interrogatory is improper because it assumes a fact that has not been established. Accordingly, the Court finds that plaintiffs are not entitled to an Order compelling any further responses from defendant Thorne at this time.

      c. <u>Interrogatories and Requests for Production Relating to Defendants Broxon and Allen</u>: Plaintiffs next complain that defendant Broxon and defendant Allen have "simply refused to provide responsive answers" to several interrogatories contained in plaintiffs' Second Set of Interrogatories and in plaintiff Newmon's First Set of Interrogatories. (Dkt. #54 at 7-11). The Court finds these objections moot, as plaintiffs have actually received the responses. (Dkt. #58 at 4-5). The Court also finds that plaintiffs did not make a good faith effort to conduct a discovery conference before filing this portion of the motion to compel. (*See* Dkt. #58 at 4-5). Accordingly, the Court finds that plaintiffs are not entitled to an Order compelling any further responses from defendant Thorne or defendant Allen at this time.

      d. <u>Request for Sanctions Against Plaintiff</u>: Finally, the Court turns to defendants' request for sanctions against plaintiffs for raising frivolous and unfounded objections in this motion to compel. (Dkt. #58 at 6). As the Court warned plaintiffs in its Order on plaintiff's Second Motion to Compel, the Court does not appreciate wasting its valuable time and resources on objections that are unfounded, or misstate the actual responses provided by defendants. (*See* Dkt. #57). The Court further warned that continuing to present such unfounded objections to the Court would result in sanctions.

      Once again, the majority of plaintiffs' objections in this Third Motion to Compel are completely without basis. Furthermore, plaintiffs continue to assert that the various defendants have "refused" to answer interrogatories or requests for production, when in fact they have responded, but plaintiffs are simply not happy with the response. Apparently, plaintiffs failed to consider the Court's previous warning before advancing their arguments in this manner. Accordingly, the Court finds sanction appropriate, <u>and plaintiffs' counsel is hereby Ordered to</u>

ORDER
PAGE - 4

1 <u>pay a fine of $500.00 to the Clerk of this Court no later than 30 days from the date of this</u>
2 <u>Order</u>.

3     (2)  The Clerk shall forward a copy of this Order to all counsel of record.

5     DATED this _25_ day of April 2005.

                                                     RICARDO S. MARTINEZ
                                                   UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5