UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE MUSSELMAN, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK NITCHMAN, *et al.*,<br><br>　　　　　Defendants. | CASE NO.  C04-0984RSM<br><br>ORDER FOR SANCTIONS AND DECLINING TO ADMIT DEFENDANTS' DISPUTED EXHIBITS AT TRIAL |

　　　　This matter comes before the Court on its own motion in response to defendants' continued failure to comply with the Local Rules and meet this Court's deadlines. A brief procedural history provides the context for this Order.

　　　　This matter was originally scheduled for trial on August 22, 2005. At the request of the parties, the trial was re-set for October 24, 2005, and a new Scheduling Order was issued with pertinent pre-trial deadlines. At that time, the parties were informed that an Agreed Pre-Trial Order would be due October 12, 2005, and that trial briefs, proposed voir dire questions, proposed jury instructions and trial exhibits would be due October 19, 2005. (Dkt. #94). This Court's Scheduling Order also carries a standard paragraph informing the parties that trial exhibits are always due five days before trial.

　　　　Shortly after the Court scheduled a new trial date of October 24, 2005, defendants' counsel contacted the Court asking for a continuance, and requesting a conference call with all counsel to determine a new date. (Dkt. #96). Plaintiffs objected to a new trial date, noting that defendants had had more than one year to prepare for trial, as well as the unlimited resources of the Washington State Attorney General's office. (Dkt. #97). The Court scheduled a conference

ORDER
PAGE - 1

call to discuss trial matters with the parties.

During the conference call, plaintiffs' counsel alerted the undersigned District Judge that he had been having trouble communicating with defendants' counsel regarding joint submissions for trial, and that defendants' counsel was refusing to prepare and submit Joint Proposed Jury Instructions. Defendants' counsel, *in complete disregard for this Court's Scheduling Order and the Local Rules*, responded that he wished to submit his own Proposed Jury Instructions.

Ultimately, the Court re-set the trial date for November 3, 2005. A new Scheduling Order was issued, directing the parties to file trial briefs, proposed voir dire and proposed jury instructions by October 26, 2005. (Dkt. #98). Accordingly, all other deadlines remained subject to previous Scheduling Orders, including the October 12th deadline for the Proposed Joint Pre-Trial Order, and the October 26th deadline for trial exhibits.

Neither party met the October 12th deadline for the Proposed Joint Pre-Trial Order. However, during the week of October 17th, plaintiffs' counsel contacted the Court informing the undersigned District Judge that the parties had not been able to submit the Proposed Joint Pre-Trial Order because defendants' counsel had been in trial on a separate matter, and had not responded to plaintiffs' repeated requests for a response to the documents he had proposed to him. Plaintiffs' counsel further informed the Court that defendants' counsel would have a one-day break from his trial and that the parties planned on submitting the Proposed Joint Pre-Trial Order after they could confer on that date. No such proposed order was submitted.

On October 25th, the Court attempted to contact both counsel regarding the Proposed Joint Pre-Trial Order. Defendants' counsel did not respond. Plaintiffs' counsel informed the Court that he had spoken with defendants' counsel, and that defendants' counsel had determined, apparently for his own reasons, that the order was not due until October 26th; therefore, the parties would submit the order on that date. The next day, the parties did indeed submit the Proposed Joint Pre-Trial Order, along with trial briefs, proposed voir dire, and

ORDER
PAGE - 2

separate proposed jury instructions.

On October 27th, the Court informed counsel that the Proposed Jury Instructions failed to comply with the Local Rules, and directed counsel to consult the pertinent rule and resubmit proposed jury instructions. On the same day, the Court also noted that it had not received any trial exhibits, and reminded counsel that the exhibits were due the same day. At the close of business on October 27th, defendants' counsel responded to the Court, *again in apparent disregard to this Court's previous Scheduling Orders*, that he had been out of the office that day and that he would not be able to meet the deadline, but he would submit the exhibits the next day.

Having considered the record in this matter, the Court now ORDERS:

(1) Defendants are hereby informed that the Court <u>will not accept any of defendants' twelve (12) disputed exhibits into evidence at trial</u>. According to the Proposed Pre-Trial Order, these exhibits include numbers 109-121. Defendants will be allowed to rely on the exhibits to which they already stipulated admissibility – numbers 1, 6, 7, 12, 14 and 36 – and will be allowed to challenge those exhibits of plaintiffs' which are identified in the Proposed Pre-Trial Order.

Federal Rule of Civil Procedure 16 allows sanctions for a party's failure to obey a scheduling or pretrial order. Upon such a failure by a party, the court "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f). The sanctions permitted under Rule 37(b)(2)(B), (C) and (D) include an "order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B). The Ninth Circuit Court of Appeals has held that, while extreme, a preclusionary order is within a district court's discretion, and is appropriate particularly when the disobedient party is the government. *United States v. Sumitomo Marine &*

*Fire Ins. Co.*, 617 F.2d 1365, 1369-70 (9th Cir. 1980).  The Court of Appeals noted that such orders are meant to act as a deterrent to similar future conduct, and explained that "[t]he effectiveness of and need for harsh measures is particularly evident when the disobedient party is the government.  '(T)he public interest requires not only that Court orders be obeyed but further that Governmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders.'" *Id.* at 1370.

In the instant case, defendants' counsel has demonstrated to this Court a flagrant and callous disregard for its Orders and Local Rules.  It is clear by his actions that defendants' counsel believes he may submit required trial documents in a manner and time that suits his own schedule, despite strict deadlines ordered by the Court.  Moreover, defendants' counsel does so even though he has resources available to him from the state while he is busy with other litigation, including co-counsel already appearing in this matter.  As the Court of Appeals has stated, "if the cause of the government's failures to comply with court orders is understaffing, then perhaps harsh measures will encourage those charged with funding and allocating personnel among [its] offices to take ameliorating action." *Id.*

Accordingly, the Court finds sanctions appropriate at this time. *See id.* at 1369 (agreeing that "although the most drastic sanctions may not be imposed as 'mere penalties,' courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault.") (citations omitted).

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 28th day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4