UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE MUSSELMAN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK NITCHMAN, *et al.*,<br><br>    Defendants. | CASE NO.  C04-0984RSM<br><br>ORDER DENYING MOTION FOR NEW TRIAL |

    This matter comes before the Court on plaintiff Musselman's Motion for a New Trial. (Dkt. #150).  Plaintiff essentially asks this Court to order a new trial because defendant Nitchman entered an allegedly prejudicial document into evidence at trial, after withholding such document during discovery and failing to identify the document as a potential exhibit prior to trial.  Plaintiff also argues that the document in question contained expert opinions, and expert reports were never offered by defendants prior to trial.

    Defendants respond that defendant Nitchman was completely truthful during discovery, and did not disclose or produce the document in question because it was not in his possession or control.  Defendants also note that they had no "experts," and the opinions in question came from plaintiff's own treating physicians.  Accordingly, defendants ask the Court to deny a new trial.

ORDER
PAGE - 1

Having reviewed plaintiff's motion, defendants' response, plaintiff's reply, and the remainder of the record, the Court does hereby find and ORDER:

(1) Plaintiff's Motion for a New Trial (Dkt. #150) is DENIED. While plaintiff argues that a new trial should be granted because defendant Nitchman entered an allegedly prejudicial document into evidence at trial, after withholding such document during discovery and failing to identify the document as a potential exhibit prior to trial, and because the document in question contained expert opinions, and expert reports were never offered by defendants prior to trial, those arguments are misguided for several reasons as follows.

First, as noted by defendants, plaintiff erroneously accuses defendant Nitchman of withholding a certain document from plaintiff's "accommodation file," which allegedly contains prejudicial statements from various doctors and other ferry system employees. The Court finds it important to note that defendant Nitchman was sued in his individual capacity. During discovery, plaintiff requested that defendant Nitchman produce all documents relating to plaintiff Musselman in his control or possession, including plaintiff Musselman's personnel file. Defendant Nitchman responded that he was not aware of any such documents in his possession or control. However, when defendant Nitchman was later questioned about the allegedly prejudicial personnel document, plaintiff leaps to the conclusion that defendant Nitchman and his counsel must have intentionally withheld the document in order to surprise him at trial. This conclusion is not only illogical, it is factually baseless and completely without merit. The fact that defendant Nitchman's attorneys acquired the document, questioned him about it, and then later successfully admitted it at trial does not lead to the automatic conclusion that defendant Nitchman was the person who produced the document. For example, defense counsel could have obtained a copy of plaintiff Musselman's personnel file through their own discovery from the Washington State Ferry System's Human Resources Department, of which defendant Nitchman does not control. Accordingly, the Court finds no reason to conclude that defendant

Nitchman or his counsel committed fraud or misconduct during discovery by failing to produce the document in response to interrogatories and requests for production addressed to defendant Nitchman.

Second, plaintiff mistakenly characterizes the opinions of three of his own doctors as "expert" witnesses, by arguing that defendant Nitchman's counsel committed misconduct in failing to produce any expert witness reports prior to trial. These doctors were not defendant Nitchman's experts. They were plaintiff's own treating physicians. It is a well-known legal principle that treating physicians are not expert witnesses because the facts known, and opinions held, by a treating physician are not acquired or developed in anticipation of litigation or for trial. Therefore, defendants' counsel was not required to designate the treating physicians as experts or produce expert reports. The Court also notes that while plaintiff objects that one of the doctors allegedly cited to in the document "does not exist," no such objection was made on the record. Nor was the witness questioned about that allegedly non-existent doctor during cross-examination.[1]

Finally, the Court is not persuaded by plaintiff that the document prejudiced his case. The jury actually found that defendant Nitchman violated plaintiff's First Amendment free speech rights. The fact that the jury then determined that defendant Nitchman would have terminated his employment in any event does not lead to the conclusion that the jury relied on the statements in the document as a basis for that decision. Indeed, defendant Nitchman specifically testified that plaintiff was not terminated for any of the medical reasons or employee incidents listed in the document. Furthermore, one of the admitted letters actually favored plaintiff, noting that he was fit for duty, as was demonstrated by plaintiff's counsel on cross-

---

[1] In preparing this Order, the Court reviewed a 157-page draft copy of the trial transcript from the last day of trial on November 17, 2005 – the date that plaintiff's counsel cites to in the instant motion for a new trial. The pages of that draft transcript relevant to this Order are being filed in a separate document as an attachment to this Order.

ORDER
PAGE - 3

examination.

Moreover, the Court notes that plaintiff's counsel objected only twice to the document to which he now objects. Both of those objections were incorrectly based on hearsay. The undersigned District Judge overruled the objections because an exception to the hearsay rule existed. As defense counsel noted in response to the objection, the document was kept in the ordinary course of business and as a regular business practice. Fed. R. Evid. 803(6). Plaintiff's counsel failed to raise any other proper objection. He did not, as he asserts, object to the fact that he was seeing the document for the first time at trial.[2] Nor did he object that the witness was not the custodian of the document, or that the witness was not the proper person to authenticate the document. Consequently, he has now failed to preserve either of those bases for appeal purposes.

For all of these reasons, the Court finds that plaintiff Musselman has failed to demonstrate that defendant Nitchman or his counsel, committed any misconduct or fraud on the Court that would warrant a new trial.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 4th day of January, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[2] Instead, plaintiff's counsel informed the undersigned District Judge that he would like a moment to review the document since he had never seen it before. The Court granted that request, and deferred ruling on defendants' motion to admit the document until after plaintiff's counsel had the opportunity to review it and make any objections he wished to make.

ORDER
PAGE - 4