UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOB NEWMON, | CASE NO. C04-984 RSM |
| Plaintiff, | |
| v. | ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT |
| BEN BROXON | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. #214), and Plaintiff's Cross-Motion for Partial Summary Judgment on Liability (Dkt. #219). Defendant argues that Plaintiff's outrage claim should be dismissed as matter of law because no reasonable juror could find in Plaintiff's favor. Plaintiff brings his own dispositive motion, arguing that he is entitled to summary judgment on his outrage claim and that the only remaining issue for the jury is damages.

For the reasons set forth below, the Court DENIES both motions.

## II. DISCUSSION

**A. Background**

The parties are well familiar with the facts of this case that has been pending since 2004, and the Court only briefly summarizes them here.

ORDER
PAGE - 1

On April 30, 2004, Lance Musselman and Bob Newmon brought the instant lawsuit for damages allegedly sustained while they were employed as engine room oilers by the Washington State Ferry ("WSF") system. The two individuals claim that they were subject to adverse employment action when they spoke out against special projects undertaken by WSF management. Mr. Newmon specifically alleges that his supervisor, WSF Staff Chief Ben Broxon, made several threats against Mr. Newmon and his family, and exposed him to high noise levels for extended periods of time in a ferry. Mr. Newmon claims that this conduct violated the WSF Code of Conduct.

Thus, the two individuals brought 23 causes of action against Mr. Broxon and three other WSF managers. This Court dismissed 17 of these claims on summary judgment. The case proceeded to trial in November of 2005, and the Court subsequently dismissed three additional claims after the conclusion of the plaintiffs' case. The remaining three claims were decided in the WSF managers' favor by the jury.

Mr. Musselman and Mr. Newmon appealed, and the Ninth Circuit affirmed all of this Court's decisions with the exception of Mr. Newmon's outrage claim against WSF Staff Chief Ben Broxon. *See Musselman v. Nitchman*, 253 Fed. Appx. 651 (2007). The Ninth Circuit specifically found that "[t]he district court did not reach the question of the level of outrageousness of Broxon's conduct" because this Court "concluded that Newmon's claim was foreclosed because he had not provided sufficient objective medical evidence of his emotional distress." *Id*. at 653. The Ninth Circuit clarified that under Washington law, "objective medical evidence of emotional distress is *not required* to establish a cause of action for outrageous conduct." *Id*. (citing *Kloepfel v. Bokor*, 149 Wash. 2d 192 (2003)) (emphasis added). The Ninth Circuit then found that "it is initially for the court to determine if reasonable minds could differ on whether the conduct is sufficiently extreme to result in liability." *Musselman*, 253 Fed. Appx. at 653.

As a result, the Ninth Circuit remanded Mr. Newmon's outrage claim against Mr. Broxon. The instant motions for summary judgment followed. The only issue for the Court to resolve is whether Mr. Newmon's claim of outrage survives.

ORDER
PAGE - 2

**B. Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement, or the bald assertion that a genuine issue of material fact exists, does not preclude the use of summary judgment. *See Coverdell v. Dept. of Social and Health Servs.*, 834 F.2d 758, 769 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citation omitted). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

**C. Outrage**

Under Washington law, "[t]he tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel*, 149 Wash.2d at 195 (citations omitted). This tort must be predicated on behavior "[s]o outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975) (citing *Restatement of Torts* § 46 cmt. d). Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are insufficient to establish the tort

of outrage. *See Kloepfel*, 149 Wash.2d at 196. "In this area plaintiffs must necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration." *Grimsby*, 85 Wash.2d at 59. As discussed previously, the Ninth Circuit recognizes that "it is initially for the court to determine if reasonable minds could differ on whether the conduct is sufficiently extreme to result in liability." *Musselman*, 253 Fed. Appx. at 653.

Moreover, the Ninth Circuit provided this Court with the following instructions:

> When considering whether reasonable minds could differ on whether Broxon's conduct was sufficiently extreme, among other things the district court *must take into account* that Broxon was Newmon's supervisor, that he allegedly exposed Newmon to noise for time periods violating Washington State Department of Labor & Industry Standards, and that Broxon allegedly secluded Newmon alone in a tool room and threatened him that were he to speak against special projects "things can happen to people, things can happen to their family, and their house can burn down, because it is easy to find out where someone lives."

*Id.* (emphasis added).

Based on the above, the Court finds that there remains a question of fact over whether Mr. Broxon's conduct constitutes outrage. For instance, Mr. Broxon cannot deny that he was in a position of authority over Mr. Newmon, and that he subjected Mr. Newmon to *some* degree of verbal assaults. (*See* Dkt. #214 at 8) ("Broxon's behavior . . . constituted nothing more than insults and conduct that embarrassed and humiliated him."). He further cannot deny that he had a workplace dispute with Mr. Newmon that included "yelling at Newmon . . . and glaring at Newmon and telling him the work they were about to do was so simple Newmon could do it[.]" (*Id.* at 9). While Mr. Broxon claims that this does not rise to the level of outrage, he cannot deny that "[t]he question of whether certain conduct is sufficiently outrageous is ordinarily a question of fact for the jury." *Dombrosky v. Farmers Ins. Co.*, 84 Wn.App. 245, 261 (1996) (citation omitted). The Court cannot conclusively determine as a matter of law Mr. Broxon engaged in tolerable behavior as a matter of law.

Relatedly, summary judgment in favor of Mr. Broxon is unjustifiable because there is still a question of fact over what was exactly said by Mr. Broxon towards Mr. Newmon. Mr. Newmon alleges that he made threats to his family, and that he was exposed to high levels of noise in an engine room. Mr. Broxon disputes these allegations. Therefore there still remains

a very significant discrepancy between the parties' version of events. It is the role of the fact-finder to assess the credibility of the parties and witnesses involved to determine the true scope of what was said. To the extent Mr. Broxon argues that this was already conducted during the November 2005 trial, the only issues for the jury to resolve at that time were related to Mr. Newmon's free speech rights. No jury determination with respect to outrage or any other intentional tort was made. Under such circumstances, summary judgment in favor of Mr. Broxon is unwarranted.

These reasons also support a finding that Mr. Newmon is not entitled to summary judgment on the issue of liability. A reasonable juror could certainly find that Mr. Broxon's behavior did not rise to level of an intentional tort. The Court finds it illogical that Mr. Newmon argues in his response to Mr. Broxon's motion that the tort of outrage is almost always a question of fact for the jury, but nevertheless brings his own motion for summary judgment in contending that Mr. Broxon's conduct clearly constitutes outrage. Indeed, there are no material differences between Mr. Newmon's responsive brief and his motion for partial summary judgment. (*See* Dkts. #215 and 219). As such, Mr. Newmon's motion shall likewise be denied.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. #214), and Plaintiff's Cross-Motion for Summary Judgment on Liability (Dkt. #219) are DENIED. The dates contained in the Court's scheduling order issued on February 2, 2009 (*see* Dkt. #213) remain in effect.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 12th day of August, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE